STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ANN C. KIM (Cal. Bar No. 212438)
Assistant United States Attorney
General Crimes Section
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2579
        Facsimile: (213) 894-0141
        E-mail:    ann.kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-410-BRO |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION TO QUASH DEFENDANT'S *IN CAMERA* AND UNDER SEAL APPLICATION FOR SUBPOENAS DUCES TECUM |
| v. | |
| RAFAEL GONZALEZ ARELLANO, | Hearing Date: November 17, 2014 Hearing Time: 9:00 a.m. Location:    Courtroom of the     Hon. BEVERLY REID O'CONNELL |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney ANN C. KIM, hereby files its motion to quash subpoenas defendant obtained by Ex Parte Applications filed in camera and under seal. To the extent that defendant seeks to use the requested subpoenas pursuant to Rule 17 of the Federal Rules of Criminal Procedure as discovery requests, the government objects to such subpoenas as an improper use of Rule 17 and asks the Court to quash defendant's subpoenas. Alternatively, if the Court denies this motion to quash subpoenas and to the extent any

1   such subpoena seeks documents from a federal agency and/or a
2   state/local law enforcement agency, the government asks that the U.S.
3   Attorney's Office be allowed to consult with any such federal
4   agency's representative about compliance with the subpoena.

5       This motion to quash is based upon the attached memorandum of
6   points and authorities, the files and records in this case, and such
7   further evidence and argument as the Court may permit.

8

9   Dated: November 12, 2014        Respectfully submitted,

10                                  STEPHANIE YONEKURA
                                    Acting United States Attorney
11
                                    ROBERT E. DUGDALE
12                                  Assistant United States Attorney
                                    Chief, Criminal Division
13

14                                  _____/s/_____
                                    ANN C. KIM
15                                  Assistant United States Attorney

16                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

DESCRIPTION                                                                    PAGE

TABLE OF AUTHORITIES.................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES..................................1

I.   INTRODUCTION....................................................................1

II.  ARGUMENT..........................................................................2

     A.   Standing.......................................................................2

     B.   Subpoenas Obtained Ex Parte and Under Seal Should Be
          Disclosed for Evaluation................................................4

     C.   General Requirements for a Rule 17 Subpoena...............6

     D.   A Rule 17(c) Subpoena Cannot Be Used To Seek Discovery....7

     E.   The Requested Subpoenas and Related Materials Should
          Be Unsealed and Disclosed to the Prosecution Team and
          Investigating Agents....................................................12

III. CONCLUSION.......................................................................12

1

**TABLE OF AUTHORITIES**

2

<u>DESCRIPTION</u>                                                              <u>PAGE</u>

3

**FEDERAL CASES**

4

<u>Bowman Dairy Co. v. United States</u>,
      341 U.S. 214 (1951)........................................7, 8

5

<u>Brady v. Maryland</u>,
6      373 U.S. 83 (1963)............................................8

7

<u>Giglio v. United States</u>,
      405 U.S. 150 (1972)........................................8, 12

8

<u>In re Grand Jury</u>,
9      619 F.2d 1022 (3d Cir. 1980)..................................3

10

<u>United States v. Beckford</u>,
      964 F. Supp. 1010 (E.D. Va. 1997)......................4, 5, 10

11

<u>United States v. Bran</u>,
12      2013 WL 1193338 (E.D. Va. Mar. 22, 2013)......................4

13

<u>United States v. Cuthbertson</u>,
      651 F.2d 189 (3d Cir. 1981)...................................9

14

<u>United States v. Eden</u>,
15      659 F.2d 1376 (9th Cir. 1981).................................2

16

<u>United States v. Fields</u>,
      663 F.2d 880 (9th Cir. 1981)..................................9

17

<u>United States v. Henthorn</u>,
18      931 F.2d 29 (9th Cir. 1991)..................................12

19

<u>United States v. Hughes</u>,
      895 F.2d 1135 (6th Cir. 1990)..............................3, 9

20

<u>United States v. Jenkins</u>,
21      895 F. Supp. 1389 (D. Haw. 1995)..............................3

22

<u>United States v. MacKey</u>,
      647 F.2d 898 (9th Cir. 1981)..................................8

23

<u>United States v. Nixon</u>,
24      418 U.S. 683 (1974)....................................6, 7, 8, 9

25

<u>United States v. Noriega</u>,
      764 F. Supp. 1480 (S.D. Fla. 1991)............................6

26

<u>United States v. Orena</u>,
27      883 F. Supp. 849 (E.D.N.Y. 1995)..............................3

28

ii

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                          PAGE

United States v. Raineri,
        670 F.2d 702 (7th Cir. 1982)....................................3

United States v. Reed,
        726 F.2d 570 (9th Cir. 1984)....................................8

United States v. Richardson,
        607 F.3d 357 (4th Cir. 2010)....................................8

United States v. Ruedlinger,
        172 F.R.D. 453 (D. Kan. 1997)...................................3

United States v. Savoca,
        2004 WL 1179312 (S.D.N.Y. Mar. 29, 2004).......................4

United States v. Segal,
        276 F. Supp. 2d 896 (N.D. Ill. 2003)...........................3

United States v. Vasquez,
        258 F.R.D. 68 (E.D.N.Y. 2009)...................................4

United States v. Wittig,
        250 F.R.D. 548 (D. Kan. 2008)...................................4

**FEDERAL STATUTES**

28 U.S.C. § 516.........................................................2

**FEDERAL RULES**

Fed. R. Crim. P. 1(b)(1)(B).............................................2

Fed. R. Crim. P. 17.................................................6, 9

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

On July 1, 2014, defendant Rafael Gonzalez Arellano ("defendant") was driving southbound on Interstate 5, north of Castaic when he was pulled over by Los Angeles County Sheriff's Department Deputy James Peterson for drifting in and out of the number three lane and for tinted windows on both the driver and passenger side front windows.  In the trunk of his car, defendant possessed approximately 893.7 grams of methamphetamine.  On July 2, 2014, the United States filed a complaint against defendant, charging defendant with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), Possession with Intent to Distribute at least 500 grams of a mixture and substance containing a detectable amount of Methamphetamine.  On July 15, 2014, a grand jury returned a one-count indictment charging defendant with the same violation.  A trial is scheduled to commence on December 9, 2014.  A hearing on a Motion to Suppress is scheduled for November 17, 2014.  Defendant is presently in custody pending trial.

On July 22, 2014, the government produced almost 100 pages of documents, including reports, photographs, lab reports, incident reports, documents related to the defendant's booking, and a recording of defendant's post-arrest interview.  On September 25, 2014, the government produced over 60 pages of additional discovery, including documents from defendant's A-File, documents related to dispatch recordings, daily worksheets, and L-TAC recordings from the Los Angeles County Sheriff's Department ("LASD").  The government also produced on that same date, two audio recordings of the LASD dispatch recordings and L-TAC recordings.  The government is also in

the process of making disclosures related to the personnel files of one of the deputies who was a part of this investigation.

Because the Application for subpoenas was made under seal, and in camera, the government does not know who received subpoenas and what they request.

## II.  ARGUMENT

### A. Standing

As noted above, defendant filed his request for the subpoenas under seal and in camera, and thus, the government does not know the identity of the entities to which the subpoenas are directed.  If any subpoena is directed to a federal agency, the government has standing to oppose the issuance of such subpoena.  The United States Attorney is the authorized representative of the United States and has authority to quash or oppose improper subpoenas issued to employees of the United States.  See 28 U.S.C. § 516 ("[T]he conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested . . . is reserved to officers of the Department of Justice, under the direction of the Attorney General."); Fed. R. Crim. P. 1(b)(1)(B) ("'Attorney for the government' means . . . a United States attorney or an authorized assistant.").  When a federal government employee, such as the General Counsel for a government agency, is subpoenaed, the U.S. Attorney's Office is the appropriate entity to appear on behalf of the agency in court.  The role of the U.S. Attorney's Office in this regard has been recognized by the courts.  See, e.g., United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981) (allowing the government, i.e., the U.S. Attorney's Office, to move to quash a defense subpoena served on the Department of Education); United

2

States v. Ruedlinger, 172 F.R.D. 453, 455, 457 (D. Kan. 1997) (allowing the government, i.e., the U.S. Attorney's Office, to move to quash defense subpoenas served on Internal Revenue Service and Federal Bureau of Investigation employees).

Further, a party to a criminal case "has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." United States v. Raineri, 670 F.2d 702, 712 (7th Cir. 1982) (citing In re Grand Jury, 619 F.2d 1022, 1027 (3d Cir. 1980)).  Federal courts have recognized the government's legitimate interest in quashing a defendant's subpoena based upon preventing an undue lengthening of the trial, undue harassment of a witness, and prejudicial over-emphasis on a witness's credibility.  See, e.g., id.; United States v. Segal, 276 F. Supp. 2d 896, 900 (N.D. Ill. 2003); United States v. Orena, 883 F. Supp. 849, 869 (E.D.N.Y. 1995); United States v. Jenkins, 895 F. Supp. 1389, 1393 (D. Haw. 1995).

Here, the government has standing based on its interest in preventing undue harassment of the local law enforcement agency responsible for the initial investigation of this case – as well as the government's interest in the proper and efficient resolution of defendant's trial in this matter.[1]  See, e.g., United States v. Hughes, 895 F.2d 1135, 1145-46 (6th Cir. 1990) (district court properly granted government's motion to strike Rule 17(c) subpoena to third party for pharmaceutical invoices "on the grounds that the requested documents were not relevant or admissible at trial, that

_____

[1] The government does not know who the subpoenas were issued to but believes the Los Angeles County Sheriff's Department ("LASD") was one of the agencies to receive such a subpoena.

3

the defendant was engaging in a 'fishing expedition,' and that the subpoena was oppressive and unreasonable"); United States v. Vasquez, 258 F.R.D. 68, 71–72 (E.D.N.Y. 2009) (finding that the government had standing to challenge the defendant's subpoena to county police department based in part on the fact that the government had a legitimate interest in preventing the defendant from using a subpoena to obtain discovery materials that would otherwise be protected from disclosure); cf. United States v. Savoca, 2004 WL 1179312, at *2 (S.D.N.Y. Mar. 29, 2004) (where "a joint investigation has existed, and continues to exist, between the federal and local law enforcement authorities . . . the Government would have standing to make [a] motion to quash the Defendant's subpoena").

Furthermore, standing is really a "non-issue" because the Court has a separate and independent "'interest in preserving the proper procedure prescribed by the Rules of Criminal Procedure, irrespective of the desires of the parties.'" United States v. Wittig, 250 F.R.D. 548, 551 (D. Kan. 2008) (citations omitted). "The Court must ensure that Rule 17(c) does not become a means of conducting general discovery, which is not permitted in criminal cases." Id.

### B. Subpoenas Obtained Ex Parte and Under Seal Should Be Disclosed for Evaluation

Ex parte procedure with respect to the issuance of pre-trial subpoenas is authorized only in "exceptional circumstances." United States v. Beckford, 964 F. Supp. 1010, 1030 (E.D. Va. 1997); see also United States v. Bran, 2013 WL 1193338, at *2 (E.D. Va. Mar. 22, 2013Find Result - 2013 WL 1193338). "[A] party seeking to proceed ex parte will have to meet a heavy burden to proceed in that fashion."

4

1    Beckford, 964 F. Supp. at 1030.  "Ordinarily, ex parte procedure will

2    be unnecessary and thus inappropriate."  Id.

3         As the district court explained in Beckford, ex parte process

4    might be proper, for example, "where a defendant seeks from medical

5    providers records of his own mental or physical health," or "where

6    state law enforcement agencies or courts have concluded

7    investigations or proceedings and are not involved in the federal

8    prosecution . . . [and] where the requested records are obviously

9    linked to a specific defense theory."  Id. (emphasis added).  An ex

10   parte, under seal subpoena with no notice to the government is

11   plainly inappropriate, however, where a subpoena "seek[s] documents

12   from state law enforcement agencies officially involved in the

13   federal investigation of the crimes on trial."  Id.

14        In this case, the government believes defendant has – ex parte,

15   under seal, and with no notice to the government – issued subpoenas

16   to the LASD, the initial investigating agency on this case, and other

17   entities.  In doing so, defendant has effectively prevented the

18   government from challenging these subpoenas in a precise and helpful

19   manner before the Court.  To the extent defendant contends that

20   disclosing his applications for subpoenas would unfairly reveal his

21   trial strategy, the government requests that only the subpoenas

22   themselves be disclosed to allow argument and proper resolution of

23   this matter.  Cf. id. ("In most instances, it will not be necessary

24   to disclose trial strategy, divulge witnesses or work product, or

25   implicate a privacy right merely to make the application for issuance

26   of a pre-trial subpoena duces tecum.  And, a party seeking to proceed

27   ex parte will have to meet a heavy burden to proceed in that

28   fashion.").

### C. General Requirements for a Rule 17 Subpoena

Rule 17 of the Federal Rules of Criminal Procedure provides for the issuance of subpoenas to compel the testimony of witnesses at criminal proceedings and the production of evidentiary documents. Fed. R. Crim. P. 17. However, a subpoena duces tecum issued under Rule 17 has a limited purpose: to procure evidence that will be introduced at the attendant proceeding, usually trial. United States v. Nixon, 418 U.S. 683, 698-99 (1974).

In Nixon, the Supreme Court held that the proponent of the subpoena must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. at 700. As courts have noted, the failure to show relevance, admissibility, and specificity indicates the requested Rule 17 subpoena is an impermissible fishing expedition. See, e.g., United States v. Noriega, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused.")

Nixon further provides that, even upon a showing that the subpoena seeks relevant, admissible, and specific evidence, if the subpoenaing party requests pre-trial production, a court must also consider whether the materials are "(2) . . . not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" Nixon, 418 U.S. at

1    699-700.

2        It is clear that Rule 17(c) requires a showing of relevancy,

3    admissibility, and specificity to support a subpoena for documents.

4    Rule 17(c)(2) allows the Court to consider a motion to quash if the

5    subpoena is unreasonable or oppressive.  Upon the filing of a motion

6    to quash, it is the defendant's burden to show the requested

7    documents are relevant, admissible, and the request is sufficiently

8    specific.  Nixon, 418 U.S. at 700.  As discussed more fully below,

9    defendant cannot meet his burden if the subpoena is for a purpose

10   beyond the scope of Rule 17, such as to gather "discovery"

11   information.  If the subpoena is nothing more than a "fishing

12   expedition," it is unreasonable and oppressive and should not be

13   issued.

14       **D.   A Rule 17(c) Subpoena Cannot Be Used To Seek Discovery**

15       Courts have long held that, given the detailed rules set forth

16   in Rule 16 of the Federal Rules of Criminal Procedure regarding the

17   government's disclosure obligations before and during trial, a

18   defendant may not circumvent Rule 16 by seeking broader discovery

19   through the use of Rule 17(c) subpoenas to government agencies.  As

20   the Supreme Court long ago made clear in Bowman Dairy Co. v. United

21   States, "[i]t was not intended by Rule 16 to give a limited right of

22   discovery, and then by Rule 17 to give a right of discovery in the

23   broadest terms. . . . Rule 17(c) was not intended to provide an

24   additional means of discovery."  Bowman Dairy Co. v. United States,

25   341 U.S. 214, 220 (1951).  As a result, Rule 17(c) subpoenas in

26   general are not proper if "intended as a general 'fishing

27   expedition.'"  Nixon, 418 U.S. at 700.  "[Rule 17's] chief innovation

28   was to expedite the trial by providing a time and place before trial

                                    7

for the inspection of the subpoenaed materials." Bowman Dairy, 341 U.S. at 220. Hence, any attempt to justify the subpoena as a method in order to obtain documents and objects "material to preparing the defense" pursuant to Rule 16(a)(1)(E)(i), is to no avail.

The Ninth Circuit in United States v. Reed, 726 F.2d 570, 577 (9th Cir. 1984), determined the district court properly quashed a Rule 17 subpoena where the defendant had sought entire arson investigation files, not specific documents. The Reed court stated, "Rule 17(c) was not intended as a discovery device, or to 'allow a blind fishing expedition seeking unknown evidence.'")(quoting United States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981)). The Reed court also commented that the defendant did not establish relevance or admissibility of the subpoenaed files. The instant subpoena, like the one in Reed, may seek a large swath of documents (such as an employee's personnel file), not specific records. If the subpoena does seek a large variety of documents, it is unclear how such an array of documents would be admissible. See id.; see also United States v. Richardson, 607 F.3d 357, 368 (4th Cir. 2010) ("[T]he subpoena duces tecum is not intended to provide a means of pretrial discovery . . . .").

The Ninth Circuit does not stand alone in quashing Rule 17 subpoenas in those instances where a subpoena goes beyond those limited Nixon circumstances. Subpoenas seeking pre-trial discovery such as material otherwise governed by the Jencks Act, Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), are routinely quashed. See, e.g., Nixon, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); United

1  States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981) (where
2  defendant's purpose for seeking Rule 17(c) subpoena was to obtain
3  impeachment material, subpoena was improper); Hughes, 895 F.2d at
4  1145-46 (finding a Rule 17(c) subpoena to a third party for
5  impeachment material improper); United States v. Cuthbertson, 651
6  F.2d 189, 195 (3d Cir. 1981) (Rule 17(c) subpoenas not available to
7  obtain exculpatory (Brady) material in possession of prosecution or
8  hearsay evidence that could only be used for impeachment); see also
9  Fed. R. Crim P. 17(h) (precluding from production via Rule 17
10 subpoena a witness's prior statements, which are governed by Rule
11 26.2 and the Jencks Act, 18 U.S.C.
12 § 3500).

13     Defendant has the burden to establish admissibility of the
14 materials, the relevance of the materials sought by the subpoena, and
15 that the subpoena request is a specific one. Nixon, 418 U.S. at 700.
16 Failure to establish any one of the elements specifically makes
17 quashing the subpoena appropriate.  Information in the possession,
18 custody and control of the government that falls under its Brady or
19 Giglio disclosure obligations is not the type of material a Rule
20 17(c) subpoena was designed to reach.  See Cuthbertson, 651 F.2d at
21 195.

22     Finally, if the information sought is actually an attempt to
23 gain "discovery" that could potentially be disclosed in the discovery
24 process, defendant has not shown the information is not otherwise
25 reasonably procurable in advance of trial, one of the Nixon
26 components.  Nixon, 418 U.S. at 699.  In United States v. Beckford,
27 the district court issued 12 subpoenas ex parte and under seal.  The
28 government challenged seven of the subpoenas because, the government

argued, they sought pre-trial discovery.  The court acknowledged that "[t]he Government correctly notes that a Rule 17(c) subpoena duces tecum is improper where it calls for the production of <u>Brady</u>, <u>Jencks</u>, or <u>Giglio</u> material."  <u>Beckford, 964 F. Supp. 1010, 1031</u>.  As the <u>Beckford</u> court noted, materials subject to disclosure in discovery would not be materials the <u>Nixon</u> court described as "not otherwise procurable reasonably in advance of trial."  <u>Id. at 1032</u>.

In a recent case in this district, <u>United States v. Norris</u>, CR 12-450-JFW, involving a defendant's attempt to improperly use Rule 17 as a discovery tool, the Honorable John F. Walter, United States District Judge, issued an order denying an <u>ex parte</u> application requesting the issuance of the improper subpoenas.  <u>See</u> Exhibit 1. In that case, defendant sought "entire categories of documents instead of specific documents" and made no showing of the relevancy of the requested documents.  <u>See</u> Exhibit 1 at 2.  Such requests constituted discovery requests, and were not appropriate under Rule 17.  As such, that defendant's application for the issuance of subpoenas was denied.

Similarly, in <u>United States v. Murillo</u>, CR 05-1111(A)-RGK, the Honorable R. Gary Klausner, United States District Judge, granted the government's motion to quash subpoenas issued to a wide range of institutions seeking materials related to a confidential informant and a government witness.  The court explained that "[a] criminal defendant cannot use subpoenas to circumvent the discovery limitations of Rule 16" and that revealing certain information sought, such as personal information and locations of government witnesses, could expose those witnesses to danger.  <u>See</u> Exhibit 2 at 1.

In another recent case in this district, <u>United States v. Roach,</u> <u>et al.</u>, CR 12-165-PSG, also involving a defendant's attempt to improperly use Rule 17 subpoenas, the Honorable Philip S. Gutierrez, United States District Judge, granted the United States' motion to quash the subpoenas as an improper use of Rule 17.  <u>See</u> Exhibits 3 & 4.  In that case, as here, the defendant filed his subpoena requests under seal and <u>in camera</u>.  Without knowing the identities of the entities to be served with subpoenas or the nature of the documents sought by the subpoenas, the government moved to quash the subpoenas to the extent they were improper under Rule 17, <u>see</u> Exhibit 4, and the district court granted the government's motion, <u>see</u> Exhibit 3.

Additional orders quashing improper and overly broad defense subpoenas have been filed under seal.  <u>See, e.g.</u>, <u>United States v.</u> <u>Sasenick, et al.</u>, CR 11-442-PA, CR 311, 313 (granting government's motion to quash subpoenas issued to a third party and challenged by the government as an impermissible fishing expedition); <u>United States</u> <u>v. Krug</u>, CR 09-1148-GHK, CR 139 (granting government's motion to quash subpoenas challenged by the government as requesting documents outside the scope of Rule 17(c)).

In the instant case, defendant's subpoena requests may implicate pre-trial discovery materials, including <u>Brady</u>/<u>Giglio</u> requests. Clearly, there is a process in place for defendant to obtain his discovery.  If the subpoena is for a law enforcement officer or government employee witness and the subject of the subpoena is going to be called as a government witness at trial, the subpoena may be unnecessary as government trial counsel may have already requested or may request a review of records as part of the government's

1   obligations under Giglio v. United States, 405 U.S. 150 (1972), and

2   United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

3          If defendant's requested subpoenas are an attempt to obtain

4   otherwise discoverable materials, then the request should be denied.

5          **E. The Requested Subpoenas and Related Materials Should Be**
           **Unsealed and Disclosed to the Prosecution Team and**
6          **Investigating Agents**

7          The government also respectfully requests that this Court unseal

8   the subpoena request so that the assigned trial attorneys and

9   investigating agents are able to participate in any further

10  proceedings relating to the subpoena request.  In the alternative, if

11  the matter is permitted to remain under seal and in camera, then the

12  government requests that an Assistant United States Attorney who is

13  not affiliated with the prosecution of this matter – and who would

14  remained walled off from the trial team – be allowed to participate

15  in litigation of this matter and be served with any reply filed to

16  the government's opposition to defendant's in camera and under seal

17  request for Rule 17 subpoenas.

18  **III. CONCLUSION**

19         For the foregoing reasons, the government respectfully requests

20  that this Court deny defendant's request for the issuance of Rule 17

21  subpoenas duces tecum.

22

23

24

25

26

27

28